# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:17-cv-00077-RGA |
| v. | ) ) ) |
| UNIVERSAL AMERICAN CORP., RICHARD A. BARASCH, SALLY W. CRAWFORD, MATTHEW W. ETHERIDGE, MARK K. GORMLEY, MOHIT KAUSHAL, PATRICK J. MCLAUGHLIN, WELLCARE HEALTH PLANS, INC., and WIND MERGER SUB, INC. | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## STIPULATION OF DISMISSAL AND [PROPOSED] ORDER

WHEREAS, Plaintiff filed the above-captioned action (the "Action") challenging, among other things, the public disclosures made in connection with the proposed acquisition of Universal American Corp. ("Universal American") by Wellcare Health Plans Inc. ("Parent") and its wholly-owned subsidiary, Wind Merger Sub, Inc. ("Merger Sub," and together with Parent, "Wellcare") pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") in Universal American's proxy statement on or around January 17, 2017 (the "Transaction");

WHEREAS, the Action asserted claims for violations of sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in Universal American's proxy statement (the "Proxy Statement") filed with the SEC on or around January 17, 2017;

WHEREAS, on February 10, 2017, Universal American filed a supplement to the Proxy Statement that will address and moot claims relating to the Action;

WHEREAS, it is the current intention of counsel for Plaintiff to submit an application for an award of attorneys' fees and reimbursement of expenses (the "Fee and Expense Application") in connection with the mooted claims;

WHEREAS, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee and Expense Application;

WHEREAS, Plaintiff did not serve the complaint on Wellcare, however, Wellcare's counsel has represented to all other parties that Wellcare agrees to this Stipulation and Proposed Order;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this _____ day of _____, 2017 that:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only. All claims as to the Class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee and Expense Application, if that becomes necessary.

4. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Fee and Expense Application, which includes the Defendants' right to oppose the Fee and Expense Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee and Expense Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding plaintiffs' fee and expense application at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee and Expense Application, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: February 15, 2017                **RIGRODSKY & LONG, P.A.**

                                        */s/ Brian D. Long*
                                        Seth D. Rigrodsky (#3147)
**OF COUNSEL:**                         Brian D. Long (#4347)
                                        Gina M. Serra (#5387)
**RM LAW, P.C.**                        2 Righter Parkway, Suite 120
Richard A. Maniskas                     Wilmington, DE 19803
1055 Westlakes Dr.,                     (302) 295-5310
Suite 3112
Berwyn, PA 19312                        *Attorneys for Plaintiff Paul Parshall*
(484) 324-6800

|  |  |
|---|---|
| | **PAUL, WEISS, RIFKIND,<br>  WHARTON & GARRISON LLP** |
| | */s/ Daniel A. Mason* |
| **OF COUNSEL:** | Daniel A. Mason (#5206)<br>500 Delaware Avenue, Suite 200 |
| | Post Office Box 32 |
| **PAUL, WEISS, RIFKIND,**<br>**WHARTON & GARRISON LLP** | Wilmington, DE  19899-0032<br>(302) 655-4410 |
| Andrew Gordon | |
| 1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000 | *Attorneys for Defendants Universal American<br>Corporation and the Individual Defendants* |

IT IS SO ORDERED this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

4