**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:17-cv-00077-RGA ) |
| v. | ) ) |
| UNIVERSAL AMERICAN CORP., RICHARD A. BARASCH, SALLY W. CRAWFORD, MATTHEW W. ETHERIDGE, MARK K. GORMLEY, MOHIT KAUSHAL, PATRICK J. MCLAUGHLIN,WELLCARE HEALTH PLANS, INC.,  and WIND MERGER SUB, INC. | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**STIPULATION AND [PROPOSED] ORDER CLOSING CASE FOR ALL PURPOSES**

WHEREAS, Plaintiff filed the above-captioned action (the "Action") challenging, among other things, the public disclosures made in connection with the proposed acquisition of Universal American Corp. ("Universal American")  by Wellcare Health Plans Inc. ("Parent") and its wholly-owned subsidiary, Wind Merger Sub, Inc. ("Merger Sub," and together with Parent, "Wellcare") pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") in Universal American's proxy statement on or around January 17, 2017 (the "Transaction");

WHEREAS, the Action asserted claims for violations of sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in Universal American's proxy statement (the "Proxy Statement") filed with the SEC on or around January 17, 2017;

WHEREAS, on February 10, 2017, Universal American filed a supplement to the Proxy Statement that addressed and mooted all of the claims in and relating to the Action;

WHEREAS, on February 15, 2017, the Court entered the Stipulation of Dismissal (D.I. 4), which dismissed the Action with prejudice as to Plaintiff only, and without prejudice as to all other members of the putative class, and retained jurisdiction over the parties for the purpose of determining Plaintiff's anticipated fee and expense application;

WHEREAS, after filing the Stipulation of Dismissal, the parties negotiated the terms of an agreed-upon payment of attorneys' fees and expenses that have been fully paid to counsel for Plaintiff, thereby obviating the need for fee applications to be adjudicated by the Court;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

1. This matter is fully resolved and no further issues remain in dispute, and the case file should be closed for all purposes.

2. The Court should no longer retain jurisdiction over this matter.

Dated: August 25, 2017

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Dr.,
Suite 3112
Berwyn, PA 19312
(484) 324-6800

**RIGRODSKY & LONG, P.A.**

*/s/ Brian D. Long*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

*Attorneys for Plaintiff Paul Parshall*

|  |  |
|---|---|
| | **PAUL, WEISS, RIFKIND,<br>  WHARTON & GARRISON LLP** |
| | */s/ Daniel A. Mason* |
| **OF COUNSEL:** | Daniel A. Mason (#5206)<br>500 Delaware Avenue, Suite 200<br>Post Office Box 32 |
| **PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP**<br>Andrew Gordon | Wilmington, DE  19899-0032<br>(302) 655-4410 |
| 1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000 | *Attorneys for Defendants Universal American Corporation and the Individual Defendants* |

IT IS SO ORDERED this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

3